CORSER v. BRATTLEBORO OVERALL CO.

(Circuit Court, D. Vermont. April 1, 1899.)

1. PATENTS—VALIDITY—SUGGESTION OF INVENTION BY OTHERS.
    A merely oral and casual suggestion by another to the patentee of a part of the improvement covered by the patent is not sufficient to make the same invalid.
2. SAME—METALLIC BUCKLE AND BUTTON HOLDER.
    The Corser patent, No. 372,062, for a combined metallic buckle and button holder or hole, discloses patentable invention, and is valid.

This was a suit in equity by Brackett G. Corser against the Brattleboro Overall Company for alleged infringement of a patent.

James L. Martin, for plaintiff.

Kittredge Haskins and William E. Simonds, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 372,062, dated October 25, 1887, and granted to the plaintiff for a combined metallic buckle and button holder or hole. The principal improvement is a shoulder in each side of the loop that goes over the button, formed by bends in the metal, to rest upon the button, and prevent unbuttoning, when loose. The evidence shows that he had conversation with others about this device while making it, and they testify to suggesting this improvement, but not to doing anything about it. The principal questions are whether it amounts to a patentable invention, and whether the suggestion defeats his right to the patent. This shoulder had to be contrived for preventing unbuttoning in this way: To have told a skilled workman to fix the prior flat loop so it would not unbutton when loose would not have produced this device, unless he had, in addition to his mechanical skill, sufficient ingenuity which he should exercise to contrive it. Invention was necessary to make it; when made, it seems to have been very useful, and also to have been patentable.

A patent is prima facie evidence of the invention of the thing patented by the patentee. This is elementary. Among the defenses allowed by statute to meet this presumption is that the supposed inventor "had surreptitiously or unjustly obtained the patent for that which was in fact invented by another who was using reasonable diligence in adapting and perfecting the same." Rev. St. § 4920, par. 2. The one who made the suggestion in respect to this improvement does not appear to have used any diligence at all in adapting or perfecting it, or to have understood that he was inventing anything like it, but rather to the contrary; for he appears to have afterwards made an application for an improvement upon these articles without including it. Such a suggestion is mere information, the receiving and acting upon which are not surreptitious or unjust. People are continually acquiring information. And Chief Justice Taney said, with reference to an inventor, in O'Reilly v. Morse, 15 How. 62, at page 111, "It can make no difference, in this respect, whether he derives his information from books or from conversation with men skilled in the science. If it were otherwise, no patent in which a combination of elements is used could ever be obtained. For no man ever made such an invention without having first obtained this information, unless it was discovered by some fortunate accident." In Agawam Co. v. Jordan, 7 Wall. 583, a claimed suggestion of an important part of the patented invention was held not to constitute the person making it and the patentee joint inventors, nor to afford any defense for infringement. This merely oral and casual suggestion, if made as claimed, would not appear to be sufficient to defeat this patent. Besides this, such a defense is affirmative, and must be made out beyond reasonable doubt. The plaintiff admits conversation on the subject, but denies such suggestion. In view of all the circumstances, a doubt that it was so made as to give full information of the invention remains and seems reasonable. Decree for plaintiff.